IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JAY ROGERS** § | | |
| *Plaintiff,* § | | |
| § | | |
| - vs - § | | CIVIL CASE NO. 6:24-CV-18 |
| § | | JURY REQUESTED |
| **STATE FARM LLOYDS,** § | | |
| *Defendant.* § | | |
| § | | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant STATE FARM LLOYDS (hereinafter "State Farm" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and would show the Court as follows:

### I.   PROCEDURAL BACKGROUND

1. On November 8, 2023, Plaintiff Jay Rogers ("Plaintiff") filed his Original Petition (the "Petition") in the 170th Judicial District of McLennan County, Texas, Cause No. 2023-3072-4 (the "State Court Action") against Defendant.[1]

2. On December 11, 2023, State Farm was served with process. State Farm filed its Answer on January 10, 2024.[2]

3. State Farm now timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the 170th Judicial District of McLennan County, Texas, to the United States District Court for the Western District of Texas, Waco Division.

---

[1] *See* Plaintiff's Original Petition ("Pet."), Exhibit C. All of the filings from the State Court Action are attached hereto as Exhibits B–F.  The docket sheet for the State Court Action appears at Exhibit B.
[2] *See* Exhibit F.

## II. NATURE OF THE SUIT

4. This lawsuit involves a dispute over the alleged non-payment or under-payment of insurance benefits and the handling of Plaintiff's insurance claims for damages allegedly caused to the Plaintiff's property.[3] Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.[4]

## III. VENUE

5. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division encompass the place in which the removed action was pending, the District Court in McLennan County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV. BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1441(b) because there is complete diversity among the parties to this suit and the amount in controversy exceeds $75,000.[5]

7. Plaintiff was, at the time this action commenced, and still is a citizen of the State of Texas. Further, Plaintiff's Original Petition states that Plaintiff Jay Rogers is domiciled in McLennan County, Texas.[6]

8. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*,

---

[3] *See generally* Pet., Exhibit C.
[4] *Id.* at ¶¶ 14-25.
[5] *Id.* at ¶ 1-2, 4.
[6] *Id.* at ¶ 1.

490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of Texas.[7] Plaintiff does not allege that he has any intention of leaving Texas.[8] Therefore, upon information and belief, Plaintiff is domiciled in the State of Texas and for diversity purposes, Plaintiff is a citizen of Texas.

9. At the time the civil action commenced, State Farm was not, and still is not, a citizen of the State of Texas. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. Such "an unincorporated association is considered to have the citizenship of its members."[9] State Farm consists of an association of underwriters, each of whom were, at the time this civil action was commenced, and still are, citizens and residents of the state of Illinois. Therefore, State Farm is a citizen of Illinois for diversity purposes.[10]

10. Plaintiff's Petition states he is seeking monetary relief of $250,000.00 or less, and additionally requests damages of any kind (including exemplary and treble damages), penalties, costs, expenses, pre-judgment interest, and attorney's fees.[11] To determine the amount in controversy, in addition to policy limits and potential attorneys' fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—not just interest or costs. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss.1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)). Taking into

---

[7] *Id.* at ¶ 4.
[8] *See Id.*, generally.
[9] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).
[10] *Id.*
[11] *See Pet*., Exhibit C, ¶¶ 4, 22-25.

account Plaintiff's pled damages range, the amount in controversy for Plaintiff's claims exceeds the $75,000.00 threshold amount.[12] Accordingly, this action may be removed by State Farm pursuant to 28 U.S.C. § 1441(b).

### V. PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| | |
|---|---|
| Exhibit A | Index of matters being filed; |
| Exhibit B | McLennan County Docket Sheet listing pleadings filed in the McLennan County District Court Action; |
| Exhibit C | Plaintiff's Original Petition, filed in the 170th District Court of McLennan County, Texas; |
| Exhibit D | Citation to State Farm Lloyds, issued by the Clerk of the District Court of McLennan County, Texas; and |
| Exhibit E | Return of Service on State Farm Lloyds filed in the 170th District Court of McLennan County, Texas |
| Exhibit F | Defendant State Farm Lloyds' Original Answer filed in the 170th District Court of McLennan County, Texas. |

13. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the County Clerk for the 170th Judicial District of McLennan County, Texas promptly after filing of same.

---

[12] *See Id.*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be justly entitled.

        Respectfully submitted,

**DYKEMA GOSSETT PLLC**
One Congress Plaza
111 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 703-6300
(512) 703-6399 (fax)

By: _/s/ Travis Plummer_
Travis Plummer
State Bar No. 24079146
Maria L. McIntyre
State Bar No. 24121003
tplummer@dykema.com
mmcintyre@dykema.com

***ATTORNEYS FOR DEFENDANT STATE FARM LLOYDS***

## CERTIFICATE OF SERVICE

    I certify that on the 10th day of January, 2024, a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to counsel of record:

Kristina C. Frankel
Richard D. Daly
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
kfrankel@dalyblack.com
rdaly@dalyblack.com
ecfs@dalyblack.com

***ATTORNEY FOR PLAINTIFF***

                                                  TRAVIS PLUMMER